BRIAN T. DUNN, ESQ. (SBN 176502)
Email: bdunn@cochranfirm.com
EDWARD M. LYMAN, ESQ. (SBN 248264)
Email: elyman@cochranfirm.com
THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.H.L., a minor, individually and as Successor in Interest to LAVELLE HAYES, deceased, by and through his Guardian Ad Litem, ALISHA MCCOY; K.H., individually, and as Successor in Interest to LAVELLE HAYES, deceased, by and through his Guardian Ad Litem, SHANTTRELL JONES; and DETRA JACKSON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Force)**<br><br>2. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Substantive Due Process Violations)**<br><br>3. **Wrongful Death (Based on Negligence)**<br><br>**DEMAND FOR JURY TRIAL** |

1

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3. Plaintiff DETRA JACKSON is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California. Plaintiff DETRA JACKSON is the surviving birth mother of decedent LAVELLE HAYES.

4. Plaintiffs P.H.L. and K.H., minors, are, and at all relevant times mentioned herein were, residents of the County of San Bernardino and State of California. Plaintiffs P.L.H. and K.H. are the surviving birth children of decedent LAVELLE HAYES. Plaintiff P.L.H. brings this action by and through their birth mother and Guardian Ad Litem, Alisha McCoy. Plaintiff K.H. brings this action by and through their birth mother and Guardian Ad Litem, Shanttrell Jones.

5. Plaintiffs P.L.H. and K.H. are Successors in Interest to decedent LAVELLE HAYES, and are entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure. (Attached hereto is a declaration designating P.L.H. and K.H. as Successors in Interest to LAVELLE HAYES, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure, and a true and correct copy of the death certificate for LAVELLE HAYES, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure).

6. Defendant COUNTY OF SAN BERNARDINO ("COUNTY") is and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

7. Plaintiffs are informed and believe, and there upon allege, that Defendant DEPUTY DOE 1 ("DEPUTY DOE 1") is, and at all relevant times mentioned herein

was, a resident of the County of San Bernardino and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant DEPUTY 1 was a sworn deputy employed by the Defendant COUNTY and the San Bernardino Sheriff's Department.

8. Plaintiffs are informed and believe, and there upon allege, that Defendant DEPUTY DOE 2 ("DEPUTY 2") is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant DEPUTY 2 was a sworn deputy employed by the Defendant COUNTY and the San Bernardino Sheriff's Department.

9. On or around July 20, 2021, a timely Claim for Damages was submitted to the County of San Bernardino, in substantial compliance with California Government Code § 910, et seq. At the time of the filing of this Complaint, said Claim has been denied.

10. Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them.

11. Plaintiffs are informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matter herein alleged. Plaintiffs will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

12. Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

13. Plaintiffs are informed, believe, and thereon allege that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

**FACTS COMMON TO ALL COUNTS**

14. This Complaint concerns a fatal on-duty motor vehicle collisin which occurred during the afternoon late evening hours of Sunday, April 11, 2021, at or around Amargosa Road and Tawney Ridge Lane, in the City of Victorville, when a heretofore an unknown San Bernardino County employee, DEPUTY DOE 1, while acting under the color of law and in the course and scope of his employment with the County of San Bernardino and the San Bernardino County Sheriff's Department was traveling northbound on Amargosa Road without emergency lights or sirens activated, negligently assessed the circumstances presented to him, and then violently confronted Plaintiff's decedent, LAVELLE HAYES by such acts which included, but are not limited to, DEPUTY 1 driving an emergency vehicle in a reckless manner and failing to obey the applicable traffic rules, and intentionally, maliciously and/or negligently striking and hitting the vehicle being operated by LAVELLE HAYES, which resulted in his death.

15. On or around April 11, 2021, at approximately 9:37 p.m. Plaintiff's Decedent, Lavelle Hayes, was driving a BMW 328i, blue in color, bearing license plate No. 6UCT162, at or around the intersection of Amargosa Road and Tawney Ridge Lane, in the City of Victorville, California. Thereafter, a Los Angeles County emergency vehicle, a 2017 Ford Explorer, white in color, bearing license plate No. 1516309, negligently driven by DEPUTY 1 employed by and acting in the course and scope of his employment with the San Bernardino County Sheriff's Department, was

traveling Northbound on Amargosa Road, violently struck the BMW 328i driven by Plaintiff's Decedent, Lavelle Hayes, (hereinafter "Hayes Vehicle") at a high rate of speed. At the time that DEPUTY 1 struck the Hayes Vehicle, DEPUTY 1 was traveling in a negligent and reckless manner and at an excessive rate of speed, and failed to obey the applicable traffic rules and regulations, proximately caused DEPUTY 1's vehicle to violently collide with the Hayes Vehicle, as described herein.

16.  At the time of this incident, the aforementioned DEPUTY 1's vehicle was not involved in a vehicular police pursuit, was not responding to a police emergency, and was not activating the lights or sirens on said emergency vehicle. Additionally Plaintiffs contend that DEPUTY 1 was negligently trained and retained by the San Bernardino County Sheriff's Department, and that he had a known propensity for driving in the fashion that he did with respect to this incident, all of which was a proximate cause of death to Plaintiff.

## FOR THE FIRST CAUSE OF ACTION
### (By Plaintiffs P.L.H. and K.H., Against
### Defendant DEPUTY DOE 1 for Violations of 42 U.S.C., § 1983.
### (Based on Unreasonable use of Force)

17.  Plaintiff DETRA JACKSON restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

18.  This cause of action is brought by Plaintiffs P.L.H., and K.H., as Successors in Interest to LAVELLE HAYES, deceased, to redress the unreasonable use force inflicted upon Plaintiff's decedent, LAVELLE HAYES, who would, but for his death, bring this cause of action in his own right.

19.  This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff's decedent by the Fourth Amendment to the Constitution of the United States, including, but not limited to, Plaintiff's right to be free from unreasonable force.

20. At all times relevant to the acts and omissions herein alleged, the Defendant COUNTY employed the individual Defendants named herein, including DOE DEPUTY

21. At all times mentioned herein, the DEPUTY DOE 1 acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant COUNTY.

22. Both prior to and during the time in which he was fatally struck and injured by the vehicle driven by DEPUTY DOE 1, decedent LAVELLE HAYES posed no immediate threat of death or serious bodily injury to any person, and engaged in no physical movements which would suggest to a reasonable sheriff's deputy that he had the will, or the ability, to inflict substantial bodily harm against any individual.

23. Plaintiffs are is informed, believes, and thereon alleges that in committing the acts and omissions described in this Complaint, DEPUTY DOE 1 acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of their federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages in an amount to be proven at the trial of this matter.

24. Plaintiffs are entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION
### (By Plaintiff DETRA JACKSON Against DOE DEPUTY 1 for Violations of Civil Rights [42 U.S.C. § 1983])
### (Substantive Due Process)

25. Plaintiff DETRA JACKSON restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

26. This cause of action is brought by Plaintiff DETRA JACKSON, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States, including, but not limited to, Plaintiff's right to substantive due process and privacy, Plaintiff's right to associate with her son, decedent LAVELLE HAYES, Plaintiff's right to enjoy the care, companionship, familial relationship, and society of her son, LAVELLE HAYES, and Plaintiff's right to be free from arbitrary and unreasonable governmental intrusions into her family unit.

27. At all times relevant herein Defendant COUNTY employed DEPUTY DOE 1, and furnished him with a motor vehicle to be used while on duty and in the course and scope of his employment with Defendant COUNTY.

28. At all times relevant to the acts and omissions herein alleged, DOE DEPUTY 1 was employed by the Defendant COUNTY.

29. Both prior to and during the time in which he was fatally struck and injured by the vehicle driven by DEPUTY DOE 1, decedent LAVELLE HAYES posed no immediate threat of death or serious bodily injury to any person, and engaged in no physical movements which would suggest to a reasonable sheriff's deputy that he had the will, or the ability, to inflict substantial bodily harm against any individual.

30. At all times relevant to the acts and omissions alleged herein, the Defendant Officers were faced with circumstances that allowed time for actual deliberation, and acted with deliberate indifference to the rights and safety of DEPUTY DOE 1 and with a conscious disregard of the risks posed to the safety of DEPUTY DOE 1. Additionally, at all times relevant to the acts and omissions alleged herein, DEPUTY DOE 1 acted with a purpose to harm unrelated to any legitimate law enforcement objective, and his actions would be considered to "shock the conscience."

31. At all times mentioned herein, the DEPUTY DOE 1 acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies,

practices, customs, and/or usages of the State of California and the Defendant COUNTY.

32. DEPUTY DOE 1 deprived Plaintiff DETRA JACKSON of the rights, privileges, and/or immunities secured to her by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, Plaintiff's right to substantive due process and privacy, Plaintiff's right to associate with her son, Plaintiff's right to enjoy the care, companionship, familial relationship, and society of her son, and Plaintiff's right to be free from arbitrary and unreasonable governmental intrusions into her family unit.

33. Plaintiff DETRA JACKSON had a Fourteenth Amendment right to substantive due process and privacy, as well as a Fourteenth Amendment right to associate with her son, a Fourteenth Amendment right to enjoy the care, companionship, familial relationship, and society of her son, and a Fourteenth Amendment right to be free from arbitrary and unreasonable governmental intrusions into her family unit. All of these rights and privileges were secured to Plaintiff by the provisions of the Fourteenth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of DEPUTY DOE 1 which proximately caused the death of LAVELLE JACKSON.

34. By causing the death of decedent, the actions of the Defendant Officers violated Plaintiff's Fourteenth Amendment right to substantive due process and privacy, as well as Plaintiff's Fourteenth Amendment right to associate with her son, Plaintiff's Fourteenth Amendment right to enjoy the care, companionship, familial relationship, and society of her son, and Plaintiff's Fourteenth Amendment right to be free from arbitrary and unreasonable governmental intrusions into her family unit. At all times relevant to the acts and omissions herein alleged, DEPUTY DOE 1 was faced with circumstances that allowed time for actual deliberation, and acted with deliberate indifference to the rights and safety of LAVELLE HAYES and with a conscious disregard of the risks posed to the safety of LAVELLE HAYES. Additionally, at all

times relevant to the acts and omissions herein alleged, DEPUTY DOE 1 acted with a purpose to harm unrelated to any legitimate law enforcement objective. At all times relevant to the acts and omissions herein alleged, the the actions of the individual defendant(s) would be considered to "shock the conscience."

35. Plaintiff DETRA JACKSON is informed, believes, and thereon alleges that in committing the acts and omissions described in this Complaint, DEPUTY DOE 1 acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of their federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages in an amount to be proven at the trial of this matter.

36. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE THIRD CAUSE OF ACTION
**(By Plaintiffs P.L.H. and K.H.,**
**Against all Defendants for Wrongful Death)**
**[Cal. Government Code §§ 815.2(a), 820(a)]**
**(Based on Negligence)**

37. Plaintiffs reallege and incorporate herein by reference each and every allegation and statement contained in the above stated paragraphs inclusive, of the General Allegations, above.

38. All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

39. On or about April 11, 2021, Defendant COUNTY had a duty to exercise reasonable care in the ownership, supervision, and operation of their vehicles entrusted

to the San Bernardino County Sheriff's Department so as to not create an unreasonable risk of harm to the owners and occupiers of other vehicles on public roadways. Notwithstanding these duties, DEPUTY 1 negligently managed, maintained, drove, operated, controlled, and supervised the operation of the subject vehicle, and, upon information and belief, in violation of statutory regulations intended to prevent such conduct, so as to directly and proximately cause the DEPUTY 1's vehicle to collide with the Hayes Vehicle at a high rate of speed, thereby proximately causing the death of LAVELLE HAYES, and the severe injuries and damages to Plaintiffs, as hereinafter alleged.

40. Due to the wrongful and negligent acts of the Defendant, Plaintiffs have suffered, and continues to suffer, extreme and severe mental anguish, shock, anxiety, severe injuries.

41. As a proximate result of the above-described conduct of the Defendant, Plaintiff's decedent, LAVELLE HAEYS died on August 11, 2021.

42. As a direct and proximate result of the above-described conduct of the Defendant, and the ensuing death of LAVELLE HAYES, Plaintiffs have sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection affection, society, moral support, training, guidance, services, earnings, and financial support of LAVELLE HAYES in an amount according to proof at trial.

43. As a further proximate result of the above-described conduct of the Defendant, and the ensuing death of LAVELLE HAYES, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

///
///
///
///
///

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1. For funeral and burial related expenses according to proof at trial;
2. For compensatory damages, including wrongful death damages and surviving damages, in an amount according to proof at trial;
3. For costs of suit incurred herein;
4. For attorneys' fees incurred herein, as provided by law;
5. For punitive damages against the individual Defendant in their individual capacities in an amount according to proof at trial; and
6. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand that a jury be impaneled for the trial of this matter.

DATED: February 3, 2022

Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

By: /s/ Brian T. Dunn
BRIAN T. DUNN
Attorney for Plaintiffs

# DECLARATION OF ALISHA MCCOY

1. The decedent's name who is the subject of this action for wrongful death is LAVELLE HAYES.

2. On April 11, 2021, LAVELLE HAYES lost his life in or around the intersection of Amargosa Road and Tawney Ridge Lane, in the City of Victorville, California.

3. No proceeding is now pending in California for the administration of the decedent's estate.

4. I am authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

5. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: February 3, 2022

_____
Alisha McCoy, declarant

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF SAN BERNARDINO
SAN BERNARDINO, CALIFORNIA

**CERTIFICATE OF DEATH** — STATE OF CALIFORNIA

STATE FILE NUMBER: 3202136007277

| Field | Value |
|---|---|
| 1. Name of Decedent – First | LAVELLE |
| 2. Middle | DONSHAE |
| 3. Last | HAYES JR |
| 4. Date of Birth | 04/01/1998 |
| 5. Age | 23 |
| 7. Sex | M |
| 9. Birth State | CA |
| 10. Social Security Number | 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 |
| 11. Ever in U.S. Armed Forces? | NO |
| 12. Marital Status | NEVER MARRIED |
| 13. Date of Death | 04/11/2021 |
| 14. Hour | 2156 |
| 13. Education | 12 ND |
| 14/15. Hispanic? | NO |
| 16. Race | AFRICAN AMERICAN |
| 17. Usual Occupation | WAREHOUSE |
| 18. Kind of Business | RETAIL |
| 19. Years in Occupation | 2 |
| 20. Decedent's Residence | 1102 3/4 92ND STREET |
| 21. City | LOS ANGELES |
| 22. County | SAN BERNARDINO |
| 23. Zip Code | 90044 |
| 24. Years in County | 22 |
| 25. State | CA |
| 26. Informant's Name, Relationship | DETRA LASHEA JACKSON, MOTHER |
| 27. Informant's Mailing Address | 1102 3/4 W 92ND STREET, LOS ANGELES, CA 90044-VICT |
| 31. Name of Father – First | LAVELLE |
| 32. Middle | DONSHAE |
| 33. Last | HAYES SR. |
| 34. Birth State | CA |
| 35. Name of Mother – First | DETRA |
| 36. Middle | LASHEA |
| 37. Last | JACKSON |
| 38. Birth State | CA |
| 39. Disposition Date | 05/12/2021 |
| 40. Place of Final Disposition | ROSE HILLS MEMORIAL PARK, 3888 WORKMAN MILL RD., WHITTIER, CA 90601 |
| 41. Type of Disposition | BU |
| 42. Signature of Embalmer | CHASE MIRASSOU |
| 43. License Number | EMB9356 |
| 44. Name of Funeral Establishment | MCKAY'S SOUTH BAY MORTUARY MARINE CHAPEL |
| 45. License Number | FD1979 |
| 46. Signature of Local Registrar | MICHAEL A SEQUEIRA, MD |
| 47. Date | 04/29/2021 |
| 101. Place of Death | CITY STREET |
| 103. Other than Hospital | Other |
| 104. County | SAN BERNARDINO |
| 105. Facility Address | AMARGOSA ROAD @ TAWNEY RIDGE LANE |
| 106. City | VICTORVILLE |
| 107. Cause of Death – Immediate | MULTIPLE BLUNT FORCE INJURIES |
| Interval | SECS |
| 108. Death Reported to Coroner? | YES, 702105515 |
| 109. Biopsy Performed? | NO |
| 110. Autopsy Performed? | YES |
| 111. Used in Determining Cause? | YES |
| 112. Other Significant Conditions | NONE |
| 113. Was Operation Performed | NO |
| 119. Manner of Death | Accident |
| 120. Injured at Work? | NO |
| 121. Injury Date | 04/11/2021 |
| 122. Hour | 2134 |
| 123. Place of Injury | CITY STREET |
| 124. Describe How Injury Occurred | DRIVER OF VEHICLE WAS STRUCK BROADSIDE BY ANOTHER VEHICLE, SEAT BELTED, NOT EJECTED. |
| 125. Location of Injury | AMARGOSA ROAD @ TAWNEY RIDGE LANE, VICTORVILLE, CA 92394 |
| 126. Signature of Coroner | MARK JAMES |
| 127. Date | 04/22/2021 |
| 128. Type Name/Title of Coroner | MARK JAMES, DEP CORONER |

*010001004932740*

CASANBER02

**CERTIFIED COPY OF VITAL RECORD**
STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

This is a true and exact reproduction of the document officially registered and placed on file in the OFFICE OF THE SAN BERNARDINO ASSESSOR-RECORDER-CLERK.

002619305

DATE ISSUED JUL 29 2021

BOB DUTTON
ASSESSOR-RECORDER-CLERK

This copy is not valid unless prepared on an engraved border displaying the date, seal and signature of the Assessor-Recorder-Clerk.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE